# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**JUSTIN GOLDMAN,**
Plaintiff,

v.

**ELMO KENNEDY O'CONNOR p/k/a "BONES," TEAMSESH RECORDS LLC, and EMPIRE DISTRIBUTION, INC.,**
Defendants.

Civil Action No. _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNJUST ENRICHMENT**

Plaintiff Justin Goldman ("Plaintiff"), appearing pro se, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

NATURE OF THE ACTION

1. This is an action for willful copyright infringement, unauthorized commercial exploitation, and unjust enrichment arising under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

2. Plaintiff is authorized to enforce and prosecute claims relating to numerous copyrighted sound recordings and producer interests created by Ivan Nezhenstev p/k/a "StereoRyze."

3. Defendants knowingly and deliberately exploited copyrighted works without any valid producer agreement, clearance, authorization, assignment, or license despite repeated notices and demands.

4. Defendants continued to commercially exploit, monetize, distribute, stream, and profit from the works after receiving actual notice that no license existed.

5. The infringing works include, but are not limited to:

"GoHardHuh," "P250," "WeKnewItWouldntBeLong," "Unknown," "PayPal," "Potassium," "AUX," "NightmareGalore," "Project," "TakingOutTheTrash," "Ribs," "DownTheDrain," "SkeletonRaps," "TheHandOfTheWitch," "RightOnSchedule," "Maggots," "HereGoesNothing," "GetAGrip," and "Chrome."

6. These works have collectively generated millions of streams worldwide and substantial

commercial revenue for Defendants through digital streaming platforms, publishing exploitation, licensing activity, and other commercial channels.

7. Defendants are sophisticated music industry participants who know that producer rights must be cleared and compensated prior to commercial exploitation.

8. Despite multiple attempts to resolve this matter without litigation, Defendants refused to cease infringement, account for revenues, negotiate licenses, or compensate Plaintiff and StereoRyze.

9. Defendants' continued exploitation after repeated notice constitutes intentional, knowing, malicious, and willful infringement.

JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Act of the United States.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendants transact business in this District and committed infringing acts within this District.

PARTIES

12. Plaintiff Justin Goldman is an individual residing in New York and is authorized to enforce the copyrights and claims at issue.

13. Defendant Elmo Kennedy O'Connor p/k/a "Bones" is an individual engaged in the creation, exploitation, monetization, and distribution of sound recordings throughout the United States.

14. Defendant TeamSesh Records LLC is a business entity engaged in the exploitation and commercial distribution of sound recordings throughout the United States.

15. Defendant Empire Distribution, Inc. is a corporation engaged in the commercial distribution, monetization, licensing, and exploitation of sound recordings.

FACTUAL ALLEGATIONS

16. StereoRyze created original production, instrumental compositions, and copyrightable elements embodied in the works identified herein.

17. Defendants commercially released and distributed the works through major digital streaming platforms and other channels.

18. At no point did Defendants secure valid written authorization or producer agreements permitting exploitation of the copyrighted works.

19. Defendants nevertheless continued generating substantial revenues from the works.

20. Plaintiff and StereoRyze repeatedly notified Defendants that the works were being exploited without authorization.

21. Defendants ignored such notices and continued infringing activity.

22. Defendants' conduct was deliberate and undertaken with full knowledge that producer clearance and authorization were required.

23. Upon information and belief, Defendants have collectively generated substantial revenues from the exploitation of the infringing works while refusing to provide meaningful accounting or compensation.

FIRST CAUSE OF ACTION
COPYRIGHT INFRINGEMENT

24. Plaintiff repeats and realleges all prior allegations.

25. Plaintiff owns and/or is authorized to enforce the copyrights and related rights connected to the works identified herein.

26. Defendants, without authorization, reproduced, distributed, publicly performed, monetized, licensed, and otherwise exploited the copyrighted works.

27. Defendants' acts constitute willful infringement under 17 U.S.C. § 106.

28. Defendants acted knowingly, intentionally, and maliciously, entitling Plaintiff to enhanced damages.

29. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered substantial damages.

SECOND CAUSE OF ACTION
UNJUST ENRICHMENT

30. Plaintiff repeats and realleges all prior allegations.

31. Defendants knowingly received substantial financial benefits through the unauthorized exploitation of the copyrighted works.

32. Defendants retained revenues, streaming income, licensing proceeds, publishing income, and other commercial benefits that rightfully belong to Plaintiff and StereoRyze.

33. Equity and good conscience require restitution to Plaintiff.

34. Plaintiff seeks no less than One Million Dollars ($1,000,000) on the unjust enrichment claim alone, exclusive of copyright damages, interest, fees, costs, and further relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declaring that Defendants willfully infringed Plaintiff's copyrights;

B. Awarding actual damages, disgorgement of profits, and all revenues attributable to the infringement;

C. Awarding statutory damages to the maximum extent permitted by law;

D. Awarding no less than $1,000,000 on the unjust enrichment claim;

E. Ordering a full accounting of all revenues generated from the infringing works;

F. Awarding costs, interest, and attorneys' fees pursuant to 17 U.S.C. § 505;

G. Awarding injunctive relief prohibiting further unauthorized exploitation of the works; and

H. Granting such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 19, 2026
New York, New York

Respectfully submitted,

Justin Goldman
Plaintiff Pro Se