USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

Plaintiff,

-v-

ELMO KENNEDY O'CONNOR, *et al.*,

Defendants.

1:26-cv-4180-GHW

MEMORANDUM OPINION & ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

On May 19, 2026, Plaintiff Justin Goldman, proceeding *pro se*, sued Defendants Elmo Kennedy O'Connor, TeamSesh LLC, and Empire Distribution, Inc. ("Empire") for copyright infringement. He asserted that Defendants infringed his purported rights in at least 19 sound recordings. Confronted with Empire's motion to dismiss the complaint as a result of his failure to allege an ownership interest in those works, Plaintiff filed an amended complaint listing a single allegedly infringed work—"GoHardHuh." However, Plaintiff did not obtain a registration for his copyright for "GoHardHuh" until the date of the amended complaint—nearly two months after the initial complaint was filed.

Empire moved to dismiss the complaint, arguing that Plaintiff failed to register the mark before filing suit. Because obtaining the registration for a copyright is a necessary precondition to the institution of an action for copyright infringement, Empire's motion to dismiss is GRANTED without prejudice.

## II. BACKGROUND

Plaintiff filed this action on May 19, 2026, alleging one count of copyright infringement. Plaintiff alleged that the "infringing works include, but are not limited to:" 19 listed sound

recordings, one of which was "GoHardHuh." Dkt. No. 1 ¶¶ 5; 24-29. He also asserted a count of unjust enrichment with respect to each of the allegedly infringed copyrighted works. *Id.* ¶¶ 30-34. On June 8, 2026, Plaintiff amended the complaint to change the name of "TeamSesh Records LLC" to "TeamSesh LLC" in the case caption. Dkt. No. 13.

On June 23, 2026, Empire moved to dismiss the amended complaint. Dkt. No. 17 (notice of motion); Dkt. No. 18 ("First Mem."). In its motion, Empire argued, among other things, that Plaintiff had failed to allege that the copyrighted works had been registered with the United States Copyright Office, and failed to identify which works Empire allegedly infringed. First Mem. at 4–7. Empire also argued that Plaintiff's unjust enrichment claim was preempted by the Copyright Act. *Id.* at 7–10. Plaintiff did not oppose the motion.

Instead, on July 20, 2026, Plaintiff filed his second amended complaint. Dkt. No. 26. The second amended complaint is the operative complaint in this matter. The second amended complaint reduced the number of sound recordings at issue from at least 19 to just one—"GoHardHuh." *Id.* ¶ 1. Plaintiff attached the certificate of registration of his copyright for "GoHardHuh" to the complaint; the certificate was dated July 20, 2026, the same day as the second amended complaint. *Id.* Exhibit A. Plaintiff also dismissed his claim for unjust enrichment, replacing it with claims for contributory copyright infringement and vicarious copyright infringement. *Id.* ¶¶ 45–51.

On August 3, 2026, Empire filed this motion to dismiss. Dkt. No. 27 (notice of motion); Dkt. No. 28 ("Second Mem."). Empire argued that Plaintiff was required to register his copyright prior to instituting this action under Section 411(a) of the Copyright Act, and that no supplemental briefing or amendment can cure that defect. Second Mem. at 1. Plaintiff filed his opposition brief the next day, on August 4, 2026. Dkt. No. 30. In his opposition, Plaintiff accepted that the text of Section 411(a) required that he first obtain a copyright before initiating an action, but argued that the

statute was a claim processing rule, not a jurisdictional bar. *Id.* at 5. He argued that because any dismissal would not adjudicate the merits of the dispute, it could not be with prejudice. Thus, he contended, requiring compliance with the statute would "accomplish nothing except the refiling of the case." *Id.* at 8. The motion was fully briefed when Empire filed its reply on August 18, 2026. Dkt. No. 34.

## III. LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). To determine plausibility, courts follow a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (alterations and internal quotation marks omitted). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)). Courts must afford *pro se* plaintiffs "'special solicitude'

before granting motions to dismiss . . . ." *Quadir v. New York State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)). However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

## IV. DISCUSSION

Because Plaintiff failed to register the work at issue in this action before the action was initiated, as required by Section 411(a) of the Copyright Act, the action must be dismissed. Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The Supreme Court has explained that "although an owner's rights exist apart from registration, registration is akin to an administrative exhaustion requirement that the owner *must* satisfy *before* suing to enforce ownership rights." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 301 (2019) (emphasis added). And "it is a plaintiff's burden to allege, and later to prove, that Section 411(a)'s pre-suit requirements are satisfied." *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019).

"[T]he failure to register a copyright in advance of filing a lawsuit cannot be cured through amendment and thus requires dismissal." *Sibanda v. Elison*, No. 23-CV-5752 (JMF), 2024 WL 3835220, at *3 (S.D.N.Y. Aug. 14, 2024) (quoting *Zonis v. Grubman*, No. 20-CV-7181 (JMF), 2022 WL 597447, at *1 (S.D.N.Y. Feb. 28, 2022)). "As the Supreme Court and Second Circuit have held

in other settings, '[l]egal proceedings are instituted by the origination of formal proceedings, such as the filing of an initial complaint.' . . . [A]ccepting the Amended complaint as though it 'instituted' a *new* action for purposes of Section 411(a) will not do . . . ." *Malibu Media, LLC*, 2019 WL 1454317, at *3.

Because Plaintiff failed to comply with Section 411(a), the action must be dismissed. Plaintiff registered the copyright for "GoHardHuh" on July 20, 2026, months after the commencement of this action. Accordingly, Plaintiff did not comply with Section 411(a), and the complaint must be dismissed. *Fourth Estate*, 586 U.S. at 301. Plaintiff's filing of an amended complaint after registering the work does not cure his failure to register the copyright prior to filing the initial complaint. "As one court noted, 'permitting amendment to cure a claimant's failure to register its copyright before suing would undermine the objectives animating the Supreme Court's decision in *Fourth Estate*." *Dow Jones & Co., Inc. v. Perplexity AI, Inc.*, 797 F. Supp. 3d 305, 341 (S.D.N.Y. 2025) (quoting *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-6092, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019)).

Dismissal of the action is without prejudice. By enforcing compliance with the requirements of Section 411(a), the Court has not adjudicated the merits of Plaintiff's claim.

## V. CONCLUSION

For the foregoing reasons, Empire's motion to dismiss Plaintiff's second amended complaint is GRANTED without prejudice. The Clerk of Court is directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: September 3, 2026
New York, New York

GREGORY H. WOODS
United States District Judge